**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HOME PRO OF VALPARAISO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| BATHPROS, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff HOME PRO OF VALPARAISO, INC. ("Home Pro"), by counsel, Swanson, Martin & Bell, LLP, and for its Complaint and Request for Injunctive Relief against Defendant BATHPROS, INC. ("Bathpros"), hereby states as follows:

**NATURE OF THE ACTION**

1. This is an action to recover monetary damages and to obtain injunctive relief for federal trademark infringement, false designation of origin, unfair competition and trademark dilution pursuant to the Lanham Act, 15 U.S.C. §1125(a); dilution pursuant to the Illinois Trademark Registration and Protection Act, 765 Ill.Comp.Stat. §1036/65; consumer fraud pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1, *et seq.*; deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1, *et seq.*; and common law trademark infringement, trademark dilution, unfair competition and unjust enrichment. Despite prior and continuing knowledge of Home Pro's extensive use and ownership in the BATH PRO® Mark, Defendant has used a confusingly virtually identical mark in connection with identical products and services in direct

competition with Home Pro in the Chicago Metro Area and in violation of Home Pro's intellectual property rights. Due to the irreparable harm caused by Defendant's improper use of Home Pro's BATH PRO® Mark, Home Pro seeks injunctive relief, monetary damages, damages for willfulness, and attorneys' fees for Defendant's illegal and unauthorized acts.

## JURISDICTION AND VENUE

1. This court has original jurisdiction over the claims in this action which relate to federal trademark and unfair competition pursuant to 15 U.S.C. §§ 1116 and 1121, 28 U.S.C. §§ 1331, 1338(a) and (b).

2. This court has supplemental jurisdiction over Home Pro's state law claims in this Complaint which arise under the statutory and common law of the State of Illinois pursuant to 28 U.S.C. §1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 1121, since, *inter alia*, a substantial part of the events giving rise to the claims herein occurred here in this District, the defendant is doing business in this District, and the defendant has promoted goods and services in connection with a mark confusingly similar to Home Pro's mark, in this District.

## PARTIES

4. Home Pro is a corporation organized and existing under the laws of the State of Indiana and has its principal place of business in Valparaiso, Indiana.

5. Home Pro is the parent company of Bath Pro, Inc. ("Bath Pro"). Bath Pro was incorporated in February 2008 under the laws of the State of Indiana. Hereinafter Home Pro and Bath Pro are collectively referred to as "Home Pro".

6. Home Pro provides bathroom remodeling services, replacement windows and sunroom installation.

7. Home Pro does business in the Chicago Metro Area, Southwest Michigan and Northern Indiana. The Chicago Metro Area includes Chicago and its Illinois suburbs, as well as Northwest Indiana (including Valparaiso, Indiana, the headquarters for Home Pro).

8. Defendant Bathpros is a corporation organized and existing under the laws of the State of Illinois and has its principal place of business in Bolingbrook, Illinois. Bathpros provides bathroom remodeling services.

9. Bathpros also operates in the Chicago Metro Area.

## BACKGROUND

10. Home Pro is the owner of the United States Trademark Registration No. 3,620,388 for "BATH PRO" in connection with "BATHTUB ENCLOSURES; BATHTUB SURROUNDS" as defined in Class 11, attached hereto as Exhibit 1 ("BATH PRO® Mark").

11. The federally-registered BATH PRO® Mark has been in continuous use since at least as early as February 2008 by both Home Pro and its subsidiary Bath Pro and has achieved considerable recognition, rights and goodwill within the home construction and remodeling industry, particularly, in the Chicago Metro Area. It has achieved incontestable status.

12. Since February 2008, Home Pro has regularly used the BATH PRO® Mark in marketing the sale and installation of its bathtub enclosures and bathtub surrounds. *See* Home Pro advertisement, attached hereto as Exhibit 2.

13. Home Pro uses the BATH PRO® Mark on its Bath Pro website, found at www.valpohomepro.net/bathroom-remodeling. *See* Bath Pro website, attached hereto as Exhibit 3.

14. Because of its long term use, the BATH PRO® Mark is well-established, well-known and associated with quality home construction and remodeling services, particularly with regards to the construction and remodeling of bathrooms including but not limited to bathtub enclosures and bathtub surrounds.

15. Both Home Pro and Bathpros purchase bathtub enclosures and bathtub surrounds from the same manufacturer and sell those bathtub enclosures and bathtub surrounds to the same consuming public in the Chicago Metro Area. Home Pro and Bathpros both provide installation services to the same consuming public for the bathtub enclosures and bathtub surrounds they sell in the Chicago Metro Area.

16. Home Pro prides itself on superior home installation services and is committed to customer service.

17. Bathpros advertised in the same region that Home Pro has operated for many years, including in Chicago Metro Area (Valparaiso, Indiana, Northwest Indiana, and the South Chicago suburbs) for the same or similar goods and services.

18. Bathpros impermissibly used the BATH PRO® Mark within the home remodeling and construction field in the Chicago Metro Area.

19. Bathpros had both actual and constructive knowledge of Home Pro's BATH PRO® Mark.

20. Bathpros impermissibly used the BATH PRO® Mark at least as early as January 2014 in advertisements for Bathpros broadcast on the Chicago television station WGN. The WGN Chicagoland viewing area reaches millions of households within the Chicago Metro Area.

21. Bathpros impermissibly used the BATH PRO® Mark in or around February 2014 to advertise bathtub enclosures and bathroom remodeling. *See* February 2014 Bathpros advertising

mailer, attached hereto as <u>Exhibit 4</u>. Bathpros continues to use the BATH PRO® Mark to this day despite knowingly and willfully infringing.

22. Bathpros impermissibly used the BATH PRO® Mark in or around April 2014 in advertisements for Bathpros broadcast on the Chicago NBC-affiliated television station WMAQ Channel 5. The broadcast area for WMAQ reaches millions of households including all of the Chicago Metro Area. Bathpros continues to use the BATH PRO® Mark to this day despite knowingly and willfully infringing.

23. Bathpros impermissibly used the BATH PRO® Mark in the domain name [www.bathpros.com](www.bathpros.com). *See* Bathpros website, attached hereto as <u>Exhibit 5</u>. The offending website directed users to the Bathpros' website.

24. The domain name www.bathpros.com seeks to trade upon the success and fame of Home Pro's BATH PRO® business and falsely suggests an association with Home Pro's BATH PRO® business. Bathpros' registration of this domain violates Home Pro's trademark rights in BATH PRO®.

25. The unauthorized use of the BATH PRO® Mark by Bathpros causes consumer confusion as to any sponsorship by Home Pro or affiliation or connection with Home Pro. In addition, Bathpros' unauthorized use of the BATH PRO® Mark contributes to dilution of the good and valuable rights that Home Pro has secured in the BATH PRO® Mark.

26. Home Pro has repeatedly requested Bathpros cease to use the BATH PRO® Mark, to no avail.

**COUNT I**
**Federal Trademark Infringement**
**15 U.S.C. § 1114(1)**

27. Home Pro repeats and realleges the allegations contained in paragraphs 1 – 27 as if fully set forth herein.

28. Home Pro has continuously used the BATH PRO® Mark in the advertising and sale of its bathtub enclosures and bathtub surrounds since at least February 2008.

29. As a result of its advertising and sales of bathtub enclosures and bathtub surrounds bearing the BATH PRO® Mark and the maintenance of premium quality standards relating to them, this mark has become well and favorably known to the public as a distinctive indication of the origin of Home Pro's products and services.

30. The aforementioned trademark registration is prima facie evidence of the validity and Home Pro's ownership and is constructive notice of Home Pro's ownership of the aforementioned trademark, as provided by § 7(b) and § 22 of the Federal Trademark Act, 15 U.S.C. § 1057(b) and § 1072. The registration has incontestable status and is conclusive evidence of the validity of the trademark and Home Pro's exclusive right to use the mark for bathtub enclosures and bathtub surrounds in commerce, as provided by § 15 and § 33(a) of the Federal Trademark Act, 15 U.S.C. § 1065 & § 1115(a).

31. The BATH PRO® Mark and the goodwill associated with it is of great and incalculable value, is highly distinctive, and has become universally associated in the public mind with the products of the very highest quality and reputation attributed to the BATH PRO® trademark in connection with bathtub enclosures and bathtub surrounds.

32. Notwithstanding Home Pro's well-known and prior established rights in its trademark, without Home Pro's authorization or consent, and having knowledge of Home Pro's

well-known and prior rights in the BATH PRO® Mark, Bathpros has marketed, offered for sale and sold and continues to market, offer for sale and sell bathtub enclosures and bathtub surrounds using the BATH PRO® Mark in direct competition with Home Pro's advertising and sale of bathtub enclosures and bathtub surrounds.

33. Bathpros' use of the BATH PRO® Mark exploits and trades upon the substantial goodwill and reputation of Home Pro symbolized by its trademark.

34. Bathpros' use of the BATH PRO® Mark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of its bathtub enclosures and bathtub surrounds, and is likely to deceive the public into believing that the bathtub enclosures and bathtub surrounds sold and installed by Bathpros originate from, are associated with or are otherwise sponsored, authorized, or approved by Home Pro, all to the damage and detriment of Home Pro's reputation, goodwill, and sales.

35. Bathpros' use of reproductions of the BATH PRO® Mark in the marketing, offering for sale, and sale of bathtub enclosures and bathtub surrounds is likely to cause the public to believe, contrary to fact, that the contactors and their components are manufactured by or emanate from, or are otherwise sponsored or approved by, Home Pro. Bathpros' use of the trademark infringes Home Pro's exclusive rights in the trademark under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

36. Home Pro is further damaged by Bathpros' use of the trademark because, on information and belief, the services provided by Bathpros in connection with its sale and installation of bathtub enclosures and bathtub surrounds is inferior to the services provided by Home Pro. Home Pro has suffered injury in the form of lost sales in an amount yet to be determined.

37. Bathpros had actual knowledge of Home Pro's prior use of and exclusive rights in its trademark when Bathpros began marketing, offering for sale and selling bathtub enclosures and bathtub surrounds using the BATH PRO® Mark. Bathpros has therefore willfully and deliberately infringed Home Pro's exclusive rights in the trademark.

38. As a direct and proximate result of Bathpros' conduct, Home Pro has suffered damages to its valuable BATH PRO® Mark, and other damages in an amount to be proven at trial.

39. Unless Bathpros is enjoined from future use, Bathpros will continue to infringe Home Pro's trademark, thereby deceiving the public and causing Home Pro immediate and irreparable injury to its goodwill and reputation for which Home Pro has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition
### 15 U.S.C. § 1125(a)

40. Home Pro repeats and realleges the allegations contained in paragraphs 1 – 27 as if fully set forth herein.

41. Bathpros' use of the BATH PRO® Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Bathpros' goods are sold by Home Pro, or are affiliated, connected, or associated with Home Pro, or have the sponsorship, endorsement, or approval of Home Pro.

42. Bathpros has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Bathpros' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of public and, additionally, injury to Home Pro's goodwill and reputation, for which Home Pro has no adequate remedy at law.

43. Bathpros' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Home Pro's BATH PRO® Mark to the great and irreparable injury of Home Pro.

44. Bathpros' conduct has caused, and is likely to continue causing, substantial injury to the public and to Home Pro, and Home Pro is entitled to injunctive relief and to recover Bathpros' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT III
### False Designation of Origin
### 15 U.S.C. §1125(a)

45. Home Pro repeats and realleges the allegations contained in paragraphs 1 – 27 as if fully set forth herein.

46. Bathpros' knowing, willful and intentional use of the BATH PRO® Mark constitutes a false designation of origin within the meaning of §43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), which is likely to confuse, mislead or deceive the public as to the source, sponsorship and/or approval of Bathpros' bath enclosures or surrounds, thereby causing Home Pro irreparable injury for which it has no adequate remedy at law.

47. Consumers believe they are purchasing Home Pro's BATH PRO® bath enclosure or surrounds when in fact they are purchasing Bathpros' bath enclosures or surrounds. Bathpros is trading off the goodwill of Home Pro.

48. If Bathpros' activities are not enjoined from future use, Home Pro will continue to suffer irreparable harm and injury to its goodwill and reputation.

49. As a direct and proximate result of Bathpros' conduct, Home Pro has also suffered damages to its valuable BATH PRO® Mark, and other damages in an amount to be proven at trial.

**COUNT IV**
**Common Law Trademark Infringement**

50. Home Pro repeats and realleges the allegations contained in paragraphs 1 – 27 as if fully set forth herein.

51. Home Pro has the exclusive right to use the BATH PRO® Mark in association with the marketing and sale of bathtub enclosures and bathtub surrounds. As a result of the continued marketing and sale of those items by Home Pro, the BATH PRO® Mark has become immediately recognizable and Home Pro has become identified in the public mind as the seller of the products and services to which the BATH PRO® Mark is applied.

52. Home Pro has acquired a reputation among consumers for quality and excellence, and the BATH PRO® Mark has come to symbolize that reputation.

53. Bathpros, with knowledge of and with intentional disregard of the rights of Home Pro, advertised and/or sold items using the BATH PRO® Mark or confusingly similar imitations thereof.

54. The nature and effect of Bathpros' use of the BATH PRO® Mark is being done with the intent to deceive, confuse, and cause mistake as to the origin of the goods or having the sponsorship, affiliation or approval of Home Pro in order to trade on the goodwill created by Home Pro in the BATH PRO® Mark.

55. Bathpros' use of the BATH PRO® Mark created the likelihood of confusion among consumers.

56. Bathpros' acts constitute trademark infringement and willful infringement in violation of the common law of Illinois.

57. Home Pro has no adequate remedy at law and, if Bathpros' activities are not enjoined from future use, Home Pro will continue to suffer irreparable harm and injury to its goodwill and reputation.

58. As a direct and proximate result of Bathpros' conduct, Home Pro has suffered damages to its valuable BATH PRO® Mark, and other damages in an amount to be proven at trial.

59. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of Home Pro's BATH PRO® Mark, and the need to deter Bathpros from similar conduct in the future, Home Pro is entitled to punitive damages.

## COUNT V
### Common Law Unfair Competition

60. Home Pro repeats and realleges the allegations contained in paragraphs 1 – 27 as if fully set forth herein.

61. Bathpros' unlawful and unauthorized use of the BATH PRO® Mark in connection with the advertising and sale of bathtub enclosures and bathtub surrounds constitutes unfair competition in violation of the state of Illinois because it is likely to cause confusion or misunderstanding as to the affiliation, connection or association of Bathpros' goods by or with Home Pro. Bathpros has otherwise engaged in unfair competition by representing that Bathpros has a sponsorship, approval, status, affiliation or connection with Home Pro that it does not have.

62. Bathpros' conduct creates consumer confusion as to the source and/or origin of the infringing items.

63. Bathpros acted with full knowledge of Home Pro's use of and common law rights to the BATH PRO® Mark and without regard to the likelihood of confusion of the public created by Bathpros' activities.

64. Bathpros' use of the BATH PRO® Mark is an attempt to trade on Home Pro's goodwill in that mark.

65. Bathpros has willfully engaged in these acts of unfair competition.

66. Home Pro has no adequate remedy at law and, if Bathpros' activities are not enjoined from future use, Home Pro will continue to suffer irreparable harm and injury to its goodwill and reputation.

67. As a direct and proximate result of Bathpros' conduct, Home Pro has suffered damages to its valuable BATH PRO® Mark, and other damages in an amount to be proven at trial.

68. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of Home Pro's BATH PRO® Mark, and the need to deter Bathpros from similar conduct in the future, Home Pro is entitled to punitive damages.

## COUNT VI
### Unjust Enrichment

69. Home Pro repeats and realleges the allegations contained in paragraphs 1 – 27 as if fully set forth herein.

70. Bathpros was unjustly enriched by the profits, benefits and mistaken goodwill they acquired by the use of the Home Pro's BATH PRO® Mark in Bathpros' marketing and sales efforts.

71. Bathpros' wrongful acts have impoverished and threaten to continue to injure Home Pro, including by loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its trademark.

72. But for Bathpros' wrongful acts, Home Pro would not have suffered lost customers, decreased goodwill, confusion, reputational injury and diminution in the value of its trademark.

73. Bathpros' wrongful acts were without justification.

74. Home Pro has no adequate remedy at law and, if Bathpros' activities are not enjoined from future use, Home Pro will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT VII
## Illinois Uniform Deceptive Trade Practices Act
## 815 ILCS 510/1, *et seq.*

75. Home Pro repeats and realleges the allegations contained in paragraphs 1 – 27 as if fully set forth herein.

76. Bathpros' use of the BATH PRO® Mark on bathtub enclosures and bathtub surrounds constitutes deceptive trade practices in violation of 815 ILCS 510/1 *et seq.* insofar as it:

   a. Passes off Bathpros' products as that of Home Pro;

   b. Causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Bathpros' goods;

   c. Causes a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association with or certification by Home Pro; and

   d. Represents that Bathpros' goods have sponsorship or approval as to the affiliation, connection or association with or certification by Home Pro.

77. Upon information and belief, Bathpros has willfully engaged in the deceptive trade practices alleged above.

78. Bathpros' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Home Pro.

79. Bathpros' statutory violations and other wrongful acts have injured and threaten to continue to injure Home Pro, including loss of customers, dilution of goodwill, confusion of

existing and potential customers, injury to its reputation, and diminution in the value of its trademark.

80. Bathpros has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

81. Home Pro has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

82. Home Pro has no adequate remedy at law and, if Bathpros' activities are not enjoined, Home Pro will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT VIII
## Illinois Consumer Fraud and Deceptive Business Practices Act
## 815 ILCS 505/1, *et seq*.

83. Home Pro repeats and realleges the allegations contained in paragraphs 1 – 27 as if fully set forth herein.

84. Bathpros' acts, as stated above, constitute deceptive business practices in that as alleged previously, those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

85. Bathpros promoted its bathtub enclosures and bathtub surrounds to consumers in the market in general using Home Pro's BATH PRO® Mark.

86. Bathpros' violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and other wrongful acts have injured and threaten to continue to injure Home Pro,

including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its BATH PRO® Mark.

87. Home Pro has no adequate remedy at law and, if Bathpros' activities are not enjoined, Home Pro will continue to suffer irreparable harm and injury to its goodwill and reputation.

**WHEREFORE,** Plaintiff, HOME PRO OF VALPARAISO, INC., respectfully requests that this Honorable Court enter judgment against Defendant, BATHPROS, INC. and for Plaintiff Home Pro of Valparaiso, Inc., and that Home Pro receive the following relief:

## **PRAYER FOR RELIEF**

I. That Bathpros, its officers, agents, servants, employees, attorneys, confederates and all persons acting for, with, by, through or under them be permanently enjoined and restrained:

A. From using in any manner the BATH PRO® Mark protected by United States Trademark Registration No. 3,620,388 and common law, alone or in combination with any word or words which so resemble said trademark as to be likely to cause confusion, deception, or mistake, on or in connection with any print, internet or electronic advertising, or any offering for sale, or actual sale of any service or good to be sold in any form of commerce and in connection with the BATH PRO® trademark;

B. From passing off, reverse passing off, inducing, or enabling other frauds to sell or pass off any service or goods offered by Home Pro, which is not Home Pro's, or not sold or installed under the control and supervision of Home Pro and approved by Home Pro for sale under the BATH PRO® trademark;

C. From committing any acts calculated to cause purchasers to believe that Bathpros' services and goods are those sold under the control and supervision of Home

Pro, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Home Pro;

  D. From further diluting and infringing on the BATH PRO® Mark and damaging Home Pro's goodwill;

  E. From otherwise competing unfairly with Home Pro in any manner; and

  F. From assisting any other party in committing the acts described above.

 II. That Bathpros, within thirty (30) days after service of judgment with notice of entry thereof upon them, be required to file with this Honorable Court and serve upon Home Pro a written report under oath setting forth in detail the manner in which Bathpros has complied with Paragraph I, above;

 III. That this Honorable Court enter an Order that Bathpros hold their illegal profits as constructive trustees for the benefit of Home Pro and requiring Bathpros to provide Home Pro a full and complete accounting of all amounts due and owing to Home Pro as a result of Bathpros' infringing activities;

 IV. That Home Pro be awarded actual damages and punitive damages in an amount to be proven at trial and that actual damages be increased by a sum not exceeding three times the amount thereof as provided by law by reason of Bathpros' willful and intentional conduct; and

 V. That Home Pro be awarded reasonable attorneys' fees and costs, and have such other further relief as this Honorable Court may deem equitable including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1121.

 VI. Any such other and further relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

 Plaintiff, Home Pro, demands a jury trial on all issues so triable.

          Respectfully submitted,

          SWANSON, MARTIN & BELL, LLP

          /s/ Jonna McGinley Reilly
          One of the Attorneys for
          HOME PRO OF VALPARAISO, INC.

P. Stephen Fardy
Jonna McGinley Reilly
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100